NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000550
08-MAY-2013
10:25 AM

NOS. CAAP-12-0000550 and CAAP-12-0000634

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CAAP-12-0000550
ROSS T. NISHI,
Appellant-Appellee,
v.
DEPARTMENT OF EDUCATION, STATE OF HAWAIʻI,
Appellee-Appellant,
and
BOARD OF EDUCATION, STATE OF HAWAIʻI,
Appellee-Appellee

AND

CAAP-12-0000634
ROSS T. NISHI,
Appellant-Appellee,
v.
DEPARTMENT OF EDUCATION, STATE OF HAWAIʻI,
Appellee-Appellant,
and
BOARD OF EDUCATION, STATE OF HAWAIʻI,
Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-2527-11)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

In a secondary appeal arising out of an employment termination grievance, Appellee-Appellant State of Hawaiʻi, Department of Education (DOE) appeals from (1) the April 10, 2012 "Order Granting Appellant's Agency Appeal Filed On November 22, 2010" (Order); (2) the May 8, 2012 Judgment; and (3) the June 27,

2012 "Order Denying [DOE's] Motion For Reconsideration And To Amend Order Filed On April 10, 2012, Or In The Alternative, Motion For Stay Pending Appeal Filed On April 12, 2012," entered in the Circuit Court of the First Circuit[1] (circuit court). The circuit court entered judgment in favor of Appellant-Appellee Ross T. Nishi (Nishi).

## I.   BACKGROUND

A.      DOE Grievance Proceedings

On November 20, 2008, the DOE informed Nishi that he was being terminated effective December 1, 2008. Pursuant to the DOE School Code Procedure (DOE Procedure), on November 25, 2008, Nishi filed a complaint to the DOE contesting his termination. The DOE acknowledged Nishi's grievance and informed him it would arrange for a hearing.

The DOE designated a hearing officer, who conducted a hearing over three days in late 2008 through early 2009. The record indicates the hearing officer drafted a decision, dated March 17, 2009, concluding Nishi was terminated without proper cause and recommending Nishi's reinstatement. The record also indicates the DOE terminated the hearing officer's employment on March 19, 2009, the day after she submitted her drafted decision. The DOE then informed Nishi the hearing officer had not produced a final decision before the end of her employment, and it assigned a second hearing officer to Nishi's grievance.

On June 15, 2009, the second hearing officer issued a decision denying Nishi's grievance and concluding the DOE "had just and proper cause to terminate [Nishi] from employment." The hearing officer based her decision on her review of the record submitted in connection with the hearing conducted by the first hearing officer. She did not consider or review the March 17, 2009 document the first hearing officer had submitted.

On June 19, 2009, Nishi appealed the grievance decision. On July 6, 2009, the DOE affirmed the grievance

---

[1]     The Honorable Rhonda A. Nishimura presided.

decision upholding Nishi's termination, and it informed Nishi of his right to appeal the decision to the Chairperson of the Board of Education (BOE).

B.      BOE Appeal

As set forth in the DOE Procedure, the BOE appoints a three-member Grievance Advisory Committee (GAC) to conduct a hearing pursuant to Hawaii Revised Statutes (HRS) Chapter 91 (2012 Repl.).  After conducting a hearing, the GAC submits to the BOE Chairperson a written report which must include findings of fact and a recommended disposition.  The BOE makes a final decision based on the GAC's report.

The GAC convened and heard Nishi's appeal on November 12, 2009.  After reconvening to deliberate, the GAC submitted its written recommendation to the BOE Chairperson on February 5, 2010.  The GAC determined the DOE had "just cause" to terminate Nishi, and it recommended the BOE confirm the DOE's decision to terminate Nishi's employment.

On February 19, 2010, the BOE informed Nishi it had reviewed the GAC's findings and recommendation, and the BOE confirmed the DOE's decision.

C.      Circuit Court Appeal

On November 22, 2010, Nishi filed a notice of appeal to the circuit court.  Nishi argued, among other things, that the BOE's decision was arbitrary and made upon unlawful procedure. The circuit court heard oral argument on November 17, 2011 and orally ruled in Nishi's favor.  On April 10, 2012, the circuit court entered its Order ruling in Nishi's favor.  The Order set forth the circuit court's conclusions and stated, in pertinent part:

> [P]ursuant to Sec. 91-14(g)(3), HRS [(2012 Repl.)],
> the Court finds, as a matter of law, that the Appellee DOE's
> decision and appointment of a second Hearing Officer . . .
> who subsequently restarted the grievance process and upheld
> the [Nishi's] termination, was based on unlawful procedure
> and violated the Appellee DOE's School Code Procedure 5512
> and [Nishi's] Due Process Rights, pursuant to Section
> 91-14(g), HRS.

3

On April 12, 2012, the DOE filed a motion for reconsideration and to amend the Order. The circuit court entered its judgment on May 8, 2012 and an order denying the DOE's motion for reconsideration on June 27, 2012. The DOE timely appealed from the circuit court's Order, the judgment, and the order denying reconsideration.[2]

On appeal, the DOE contends the circuit court erred in:

(1) reversing the BOE's decision based on its conclusion that the DOE's decision was made upon unlawful procedure pursuant to HRS § 91-14(g)(3);

(2) reversing the BOE's decision because it did not find or conclude that the BOE's decision prejudiced Nishi's substantial rights under HRS § 91-14(g)(6); and

(3) denying the DOE's motion for reconsideration

## II. STANDARDS OF REVIEW

"'Review of a decision made by a court upon its review of an administrative decision is a secondary appeal. The standard of review is one in which [the appellate] court must determine whether the court under review was right or wrong in its decision.'" *Leslie v. Bd. of Appeals of County of Hawaii*, 109 Hawai'i 384, 391, 126 P.3d 1071, 1078 (2006) (quoting *Lanai Co., Inc. v. Land Use Comm'n*, 105 Hawai'i 296, 306-07, 97 P.3d 372, 382-83 (2004) (other citation omitted)). The standards as set forth in HRS § 91-14(g) (2012 Repl.) are applied to the agency's decision. *Ka Pa'akai O Ka'aina v. Land Use Comm'n*, 94 Hawai'i 31, 40, 7 P.3d 1068, 1077 (2000). HRS § 91-14(g) provides:

> (g) Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1) In violation of constitutional or statutory provisions; or
>
> (2) In excess of the statutory authority or jurisdiction of the agency; or
>
> (3) Made upon unlawful procedure; or
>
> (4) Affected by other error of law; or

---

[2] This court entered a July 20,1012 order consolidating appellate court case numbers CAAP-12-0000550 and CAAP-12-0000634 under appellate court case number CAAP-12-0000550.

> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
>
> "'Under HRS § 91-14(g), conclusions of law are reviewable under subsections (1), (2), and (4); questions regarding procedural defects under subsection (3); findings of fact under subsection (5); and an agency's exercise of discretion under subsection (6).'" *Sierra Club v. Office of Planning, State of Hawai'i*, 109 Hawai'i 411, 414, 126 P.3d 1098, 1101 (2006) (quoting *In re Hawaiian Elec. Co.*, 81 Hawai'i 459, 465, 918 P.2d 561, 567 (1996) (other citation omitted)).
>
> "'An agency's findings are not clearly erroneous and will be upheld if supported by reliable, probative and substantial evidence unless the reviewing court is left with a firm and definite conviction that a mistake has been made.'" *Poe v. Hawai'i Labor Relations Bd.*, 105 Hawai'i 97, 100, 94 P.3d 652, 655 (2004) (quoting *Kilauea Neighborhood Ass'n v. Land Use Comm'n*, 7 Haw. App. 227, 229-30, 751 P.2d 1031, 1034 (1988)). "'[T]he courts may freely review an agency's [COL].'" *Lanai Co.*, 105 Hawai'i at 307, 97 P.3d at 383 (quoting *Dole Hawaii Div.-Castle & Cooke, Inc. v. Ramil*, 71 Haw. 419, 424, 794 P.2d 1115, 1118 (1990) (other citation omitted)). "Abuse is apparent when the discretion exercised clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant." *Kimura v. Kamalo*, 106 Hawai'i 501, 507, 107 P.3d 430, 436 (2005) (internal quotation marks and citation omitted).

<u>Brescia v. North Shore Ohana</u>, 115 Hawai'i 477, 491-92, 168 P.3d 929, 943-44 (2007) (some brackets in original and some added).

The appellate court reviews a "trial court's ruling on a motion for reconsideration . . . under the abuse of discretion standard." <u>Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd.</u>, 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002).

## III. DISCUSSION

The DOE's primary argument on appeal is that the circuit court misapplied HRS § 91-14(g)(3) by focusing its analysis on the actions of the employer, the DOE, rather than the actions of the agency, the BOE.

In this case, the BOE's final decision expressly confirmed the DOE's decision. <u>See</u> <u>White v. Bd. of Educ.</u>, 54 Haw. 10, 501 P.2d 358 (1972) (BOE may adopt a report of a hearing officer appointed by the Board as its proposed final decision as

required by HRS Chapter 91). Moreover, the GAC heard testimony from the first hearing officer and accepted her drafted decision as one of Nishi's exhibits. Although the BOE's decision did not address the propriety of the DOE's procedure, its confirmation of the second hearing officer's decision demonstrates the BOE concluded the decision was procedurally proper. The circuit court did not err when it examined the validity of the DOE's actions.

We conclude the circuit court did not err when it determined the second hearing officer's decision was made upon unlawful procedure. Although the first hearing officer drafted a decision in Nishi's favor, the DOE argued at the circuit court that her decision was ineffective because it did not comply with the DOE Procedure. The DOE Procedure states in part:

> 2. DISTRICT SUPERINTENDENT/ASSISTANT SUPERINTENDENT
>
> . . . .
>
> c. Designates a hearing officer, who, in turn, arranges for a hearing within five working days after receipt of the grievance.
>
> . . . .
>
> (7) Renders a decision.
>
> > (a) If the hearing officer sustains the appeal of the aggrieved employee, s/he will inform the aggrieved employee and all of the aggrieved employee's line supervisors, including the Superintendent, in writing. The hearing officer will prepare a letter of instructions implementing his/her decision for the signature of the Superintendent. This will close the case.

The first hearing officer submitted to the assistant superintendent a six-page document citing the above DOE Procedure provision, stating her findings, and concluding Nishi was terminated without proper cause. The record indicates the DOE terminated her employment the day after she submitted the document. Before her termination, she did not prepare a "letter of instructions," nor did she inform Nishi of her decision in writing. The record also contains conflicting evidence as to whether she submitted her decision to the Superintendent.

Although the hearing officer stated she submitted her draft to the Superintendent, the Superintendent informed Nishi she never saw the draft.

Because of the above issues with the first hearing officer's document, the DOE argued the document did not constitute a "decision" under the DOE Procedure, and it appointed the second hearing officer to complete the processing of Nishi's grievance. The circuit court, however, concluded the second hearing officer's appointment and decision "were not necessarily to 'complete the processing' . . . , but to restart the entire grievance process from the beginning under [DOE Procedure], Subsection 2(c)." The record supports the circuit court's conclusion.

The record contains testimony from the first hearing officer, who stated:

> At about 7:45 [a.m.] on March 19, 2009, [the assistant superintendent] informed me that my last day of employment was March 20, 2009. I asked for the reason for this decision by the Superintendent[], I was informed that she did not like the decision of the Nishi grievance. I asked [the assistant superintendent] to speak to the Superintendent again about the case.
>
> At about 3:40 p.m. on that day, March 19, 2009, [the assistant superintendent] called me to his office to inform me that March 19, not March 20, 2009 was my last [day] of employment.

Other than the first hearing officer's testimony, there is no other evidence in the record concerning the DOE's reason for appointing a second hearing officer. Neither the DOE nor the BOE made any findings addressing the propriety of the hearing officers' substitution. Moreover, the DOE Procedure does not contain any provisions addressing substitution of hearing officers, and the agency did not indicate it had acted in accordance with any existing or established procedure for substituting hearing officers. Based on this record, we conclude the circuit court did not err in concluding the BOE's decision was made upon unlawful procedure under HRS § 91-14(g)(3) and therefore it is unnecessary for us to address DOE's argument that HRS § 91-14(g)(6) did not support the circuit court's decision.

7

The circuit court also did not abuse its discretion when it denied the DOE's motion for reconsideration because the DOE sought reconsideration solely on the grounds that the circuit court misapplied HRS § 91-14(g)(3).

However, we conclude the circuit court erred when it ordered Nishi's reinstatement because the procedure followed by the second hearing officer did not comply with the applicable DOE rules. Where the BOE's decision is invalidated because of procedural errors in the grievance process, the "[p]roper disposition was to remand to the [BOE] for further consideration in accordance with proper procedure." White, 54 Haw. at 16, 501 P.2d at 363.

## IV. CONCLUSION

We vacate the May 8, 2012 Judgment entered in the Circuit Court of the First Circuit, and we remand this case with instructions that the circuit court remand this case to the BOE for a new hearing consistent with this opinion.

DATED: Honolulu, Hawai'i, May 8, 2013.

On the briefs:

James E. Halvorson
Claire W.S. Chinn
Deputy Attorneys General
for Appellee-Appellant State
of Hawai'i, Department of
Education.

Ted H.S. Hong
for Appellant-Appellee Ross T.
Nishi.

Presiding Judge

Associate Judge

Associate Judge